**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LONNIE SHANNON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:06-cv-292-SEB-VSS |
| ) | |
| STEVE CARTER, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Lonnie Shannon ("Shannon") seeks a writ of habeas corpus with respect to his 1995 conviction in Newton County for Robbery and for Criminal Confinement.

Because Shannon's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

Shannon's conviction was affirmed on direct appeal in 1996. Shannon's conviction became final on June 9, 1997. This date marked the expiration of time within which to seek a writ of certiorari from the United States Supreme Court. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). The federal habeas clock thus began to run on June 10, 1997. The 1-year filing period expired on June 10, 1998. Shannon's habeas petition was signed on February 22, 2006, and is treated as having been filed on that date. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999). By the date of this filing, however, the statute of limitations had long since expired. Although it is true that Shannon filed an action for post-conviction relief on September 23, 1999, this date also was well past the expiration of the statute of limitations. The fact that the post-conviction petition was not filed until after the statute of limitations had already expired makes the filing of the action for post-conviction relief irrelevant to the computation which is required. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Shannon has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence he is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 08/29/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana